In re LATIMER et al.

(District Court, E. D. Pennsylvania. December 27, 1905.)

No. 2,217.

BANKRUPTCY—TEMPORARY RESTRAINING ORDER—DISCONTINUANCE FOR DELAY.
 A temporary restraining order, granted pending a rule to show cause why an injunction should not issue restraining defendant from disposing of property alleged in the bill to belong to a bankrupt, will be discontinued, where such allegation is denied by the answer, and after the lapse of several months the rule has not been brought to a hearing, and no proofs have been taken in support of the bill.

In Bankruptcy. Sur motion of respondent Lorna C. Francis to discontinue restraining order.

Henry J. Scott, for the motion.
Edgar J. Pershing, R. M. Anderson, and George Wharton Pepper, opposed.

HOLLAND, District Judge. In March, 1905, a petition in bankruptcy was filed against the above-mentioned parties. On the same day, a separate bill was filed by Mary V. Copeland, a creditor of the above-mentioned bankrupts, alleging that Lorna C. Francis, wife of Stanley Francis, is possessed of and holds the title to real estate situate within the jurisdiction of this court belonging to her husband, one of the alleged bankrupts. The bill prays that the said Lorna C. Francis, among others, be enjoined against the transfer or incumbrance of this real estate. Whereupon a rule was entered upon her and others to show cause why an injunction should not issue restraining and enjoining her and others from making sale, transfer, or conveyance of the said real estate, returnable April 8, 1905, at 10 o'clock a. m., and a restraining order was directed to issue, restraining any such transfer or incumbrance in the meantime and until the disposition of the rule. On April 8, 1905, Lorna C. Francis filed an answer in which she denies that she holds either an equitable or legal title to any property, real or personal, in which any of the bankrupts are in any manner interested, or in which there is invested any money or property of any character of the said bankrupts, and prays that she may be relieved of the restraining order. Stanley Francis also filed an answer denying his wife held any property belonging to him. Nothing further was done in the matter, nor was there any additional proof filed in support of the bill by the petitioner, and the motion to discontinue the restraining order was argued on bill and answers on September 27, 1905.

Without going into the question of the sufficiency of the allegations contained in the bill, we are of the opinion that this restraining order should be discontinued during a further pendency of the rule to show cause why a preliminary injunction should not issue against her, and it is so ordered. Should the petitioner desire to ask for a preliminary injunction, leave is hereby given to amend the bill and to

file such affidavits in support thereof as she may deem necessary, and, upon the filing of such amended bill and proofs in support thereof, the petitioner may again move for a restraining order, should it be deemed necessary.